IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES H. BORDAGES, JR.                                          PLAINTIFF

v.                                    No. 3:20-cv-369-DPM

FRED THORNE, District Judge
of Crittenden County, Arkansas                        DEFENDANT

### ORDER

1.      Bordages's application to proceed *in forma pauperis*, Doc. 1, is granted.  He reports having no income and no assets.

2.      The Court must screen Bordages's petition for a writ of mandamus to Crittenden County District Judge Fred Thorne.  28 U.S.C. § 1915(e)(2).  More than six years ago, Bordages was stopped and cited for traffic violations in Crittenden County, Arkansas.  He refused to submit to either a breathalyzer or a blood alcohol test.  His decision led to an automatic suspension of his Tennessee driver's license for six months.  Bordages seeks reinstatement of his license.  The Arkansas charges remain pending.  Because so much time has passed, Bordages sought to have these charges dismissed based on Arkansas's statute of limitations for misdemeanor offenses.  The state district court refused to address his motion because of an outstanding warrant.  The state circuit court provided him no relief on appeal.  The United States District Court for the Western District of Tennessee dismissed his

petition for a writ of mandamus for lack of subject matter jurisdiction, lack of personal jurisdiction over the Arkansas judge, and bad venue. Here, Bordages alleges a violation of his due process rights and seeks a writ of mandamus directing Judge Thorne to dismiss the misdemeanor charges as time barred, thus clearing the way for reinstatement of Bordages's Tennessee driver's license.

This Court lacks subject matter jurisdiction. Rule of Civil Procedure 81(b) abolished writs of mandamus, while preserving the right to relief previously afforded by them on motion or by an action. The All Writs Act authorizes the writ, but only if the Court is acting in a case where jurisdiction otherwise exists. 28 U.S.C. § 1651(a). While Bordages's due process allegation seems to raise a federal question, 28 U.S.C. § 1331, he seeks nothing other than the writ—there is no claim other than his contention about Arkansas's statute of limitations for misdemeanors. Another statute authorizes the writ against federal officers. 28 U.S.C. § 1361. Judge Thorne is not a federal officer. Bordages asks this Court to direct Judge Thorne to comply with Arkansas law. But, subject to some exceptions, none of which apply, federal courts have no authority to issue writs of mandamus directing state courts or state judicial officers such as Judge Thorne in the performance of their duties under state law. *E.g.*, *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *In re Campbell*, 264 F.3d 730, 731–32 (7th Cir. 2001) (Posner, J., discussing the general rule and

the exceptions).  The Court therefore concludes that it lacks power to grant the relief Bordages requests.

If the Court thinks things, not words, and construes Bordages's *pro se* complaint generously as seeking only prospective injunctive relief rather than mandamus, and thus brings his federal case within *Ex Parte Young*'s safe harbor, 209 U.S. 123, 159–60 (1908), Bordages fares little better.  The premise of his suit here is the pending state criminal charges.  Arkansas has an important interest in enforcing its criminal laws, and Bordages may raise his due process claims during the proceedings in the Crittenden County District Court.  *Younger v. Harris*, 401 U.S. 37, 43–45 (1971).  Yes, as that Court's staff instructed him, he must show up and defend because of the outstanding warrant.  But there's no indication of bad faith, harassment, or any other extraordinary circumstances that would justify this Court getting involved now.  *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012).   The pending charges are mossy. That circumstance, though, is not unusual.  If the Court is mistaken about subject matter jurisdiction, it would abstain and stay this case pending a final disposition of Bordages's pending state charges.  *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

Bordages's complaint will be dismissed without prejudice.

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

9 December 2020